**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DISCOVER BANK,**

        **Plaintiff,**

                                      Case No.      07-11828

**v.**

                                      **HONORABLE DENISE PAGE HOOD**

**VERONYCA R. CORNISH-BEY,**

        **Defendant.**

        _____/

## ORDER REMANDING CASE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Discover Bank's Motion to Remand and Motion for Costs, filed June 25, 2007. Also before the Court is Counter Plaintiff Veronyca R. Cornish-Bey's Motion to Quash Counter Defendants Motion to Dismiss, filed July 3, 2007, and Motion to Dismiss, filed July 16, 2007.[1]

**II. STATEMENT OF FACTS**

Plaintiff, through its servicing agent, Discover Financial Services LLC, allegedly issued Defendant a Discover credit card and extended credit to Defendant pursuant to a cardmember agreement (hereinafter "contract"). (Compl. ¶ 2) Plaintiff alleges it billed Defendant on a monthly basis and Defendant received monthly statements from Plaintiff reflecting the balance due, including finance charges and fees. Plaintiff asserts that pursuant to the contract, Defendant was obligated to

---

[1] On June 27, 2007, Defendant Veronyca R. Cornish-Bey filed a Counter Complaint against Plaintiff Discover Bank.

make timely monthly payments, however, breached the contract and defaulted by failing to make the monthly payments when due. The date of Defendant's last payment and/or charge on the account was September 29, 2006. As a result of Defendant's default and breach, Plaintiff argues the entire balance on the account - $6,564.48 - is due. Plaintiff further contends that the balance has been demanded, however, not paid by Defendant.

On April 26, 2007, Defendant filed a Notice of Removal, alleging federal question jurisdiction. On June 27, 2007, Defendant filed a Counter Complaint alleging: (1) violation of the Fair Debt Collection Practices Act; (2) that Plaintiff must prove that they have standing to sue; (3) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et. seq.*; (4) violation of the Fair Credit Billing Act; (5) violation of the Civil Rights Act of 1964, 42 U.S.C. § 1981; (6) violation of the Treaty of Peace and Friendship; (7) violation of the Securities Exchange Commission Act of 1934; (8) that Defendant has been damaged socially, professionally, and in her credit rating due to Plaintiff's attempt to sue without standing. Defendant asserts she is entitled to a Judgment in the amount of $86,350 in statutory penalties and costs and $100,000 in compensatory damages.

## III.  APPLICABLE LAW & ANALYSIS

### A.  Plaintiff's Motion to Remand and for Payment of Costs

The removal statute, 28 U.S.C. § 1441, is jurisdictional and the "right of removal... must be strictly construed." *Wilson v. United States Dep't of Agriculture*, 584 F.2d 137, 142 (6th Cir. 1978). 28 U.S.C. § 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). 28 U.S.C. § 1447(d) states, "[a]n order remanding a case to the State court from which it was removed is not

reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Federal courts are obligated to raise the jurisdictional issue *sua sponte*. *Federal Trade Comm'n v. Owens-Corning Fiberglass Corp.*, 853 F.2d 458, 464 (6th Cir. 1988). Actions brought before the state court may be removed to the federal court only if the suit could have been originally brought before the federal court. 28 U.S.C. § 1441; *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Federal district courts have original jurisdiction over diversity cases and cases which "arise under" the federal Constitution or laws. 28 U.S.C. §§ 1331, 1332. In a diversity matter, a federal district court has original jurisdiction over an civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a). 28 U.S.C. § 1441(a) provides for removal of actions filed in state court to the district court if the district court has original jurisdiction over the cause of action. In a diversity jurisdiction action, complete diversity is required between the plaintiff and all defendants. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69-70 (1941). A corporation can be a citizen of two states: (1) its state of incorporation and (2) the state of its principal place of business. 28 U.S.C. § 1332 (c); *Gafford v. General Elec. Co.*, 997 F.2d 150, 163 (6th Cir. 1993).

The existence of subject matter jurisdiction generally is a question of law. *Greater Detroit Resource Recovery Author v. United States*, 916 F.2d 317, 319 (6th Cir. 1990). The removing party has the burden of proving that the federal district court has jurisdiction. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

Plaintiff asserts remand is appropriate because this Court lacks subject matter jurisdiction over the action. Plaintiff maintains that federal question jurisdiction does not exist because the assertion of a defense based on federal law does not confer jurisdiction. The existence of federal

question jurisdiction is governed by the "well-pleaded complaint" rule, such that

> whether a case is one arising under [federal law], in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 840-41 (1989). Similarly, "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) (emphasis in original).

Plaintiff notes that the Complaint filed in the 40th District Court asserts no claims arising under federal law, but instead is a breach of contract and account claim based on state law. Plaintiff acknowledges that the Notice of Removal asserts claims arising under federal law, however, maintains that these claims are "baseless" and "bizarre".[2] (Pl.'s Mot. to Remand). Plaintiff also asserts that there is no complete preemption of state contract law and therefore that this exception to the well-pleaded complaint rule does not apply to the instant case. *Metropolitan Life Ins. Co. v.*

---

[2] In the Notice of Removal, Defendant makes the following allegations, among others: "defendant cannot get a fair trial [in state court]"; "Veronyca Cornish-Bey, Defendant as a Sovereign Moor - 'object' to This 40th DISTRICT Court Judges and Attorney who has given up their citizenship of the United States for a Title of Nobility under the Queen of England who has no License to practice law . . ."; and "all the top law firm and all judges are owned or brought by the National Banks, State Banks, Mortgage bankers and mortgage company". (Notice of Removal ¶¶ 11, 14). At the hearing, Defendant provided the Court with a transcript of a Pre-Trial/Motion hearing of February 14, 2007 in *People of the City of St. Clair Shores v. Ronald Cornish-Bey* (Case No. 6002069, 6002070 & 6002071) before Hon. Joseph Craigen Oster, District Judge, St. Clair Shores. Defendant argued that the conversation on the record between Judge Oster and Defendant Ronald Cornish-Bey supports her assertion of removal to the instant Court.

*Taylor*, 481 U.S. 58, 63-64 (1987) (explaining that complete preemption of state law by federal law in a particular area is an exception to the principle that the "well-pleaded complaint rule" governs federal question jurisdiction). Plaintiff requests that the case be remanded to the 40th District Court.

In response, Defendant filed a Motion to Quash Counterdefendant's Motion to Dismiss. Defendant makes various arguments in the Motion to Quash and Alleged Defendant's Motion to Dismiss for Lack of Standing, which the Court has reviewed.[3] However, these arguments do not overcome or circumvent the well-pleaded complaint rule. Defendant cannot create federal subject matter jurisdiction merely by alleging claims under federal law as defenses to Plaintiff's complaint or in a counter-complaint. The Court is persuaded that the instant action is a contract action arising under state law and the action should be remanded to the 40th District Court.

At the hearing, the Court also advised Defendant that the doctrine of pendant jurisdiction does not, in this instance, confer jurisdiction on this Court. Pendent claims are asserted by a plaintiff

---

[3] Plaintiff makes the following arguments in the Motion to Quash and Alleged Defendant's Motion to Dismiss for Lack of Standing: (1) federal jurisdiction is present, as the Notice of Removal was not answered "point for point as required"; (2) Counter Defendant is attempting to prejudice the Court by raising Defendant's status as a Sovereign Indigenous Moor as a defense; (3) Counter Defendant's motion is defective on its face because it was not accompanied by a valid affidavit; (4) Counter Plaintiff has alleged violations of federal law (interstate commerce, Fair Debt Collection Practices Act violations and a Securities Exchange Commission violations), which the State court is unable to hear and the case is thus properly before this court by virtue of pendent jurisdiction; (5) Counter Defendants have not supplied "verification" of the debt and have instituted an unlawful suit in State court; (6) "[t]he plaintiff in error produced a generic copy of a contract agreement that was not signed by the alleged Defendant nor the plaintiff in error. . . Therefore the plaintiff in error would have needed produced a contract sign[ed] by both parties, which they have not."; (7) the "plaintiff in error" has failed to produce an affidavit of injury; (8) "Plaintiff in error has not produced their accounting ledger per General Accepted Accounting Principles (GAAP), Regulatory Accounting Principles (RAP), and General Accepted Accounting Standards (GAAS) and, therefore, has not shown entitlement to the funds alleged"; (9) "Plaintiff in error" has not produced an original promissory note.

in the complaint and a district court may, in its discretion, exercise pendent jurisdiction over state-law claims contained in the same complaint as the federal claims. *See Action Embroider Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174 (9th Cir. 2004). Similarly, the Court advised Defendant that defenses based on federal law can be brought as defenses in a state court action or Defendant may assert her rights in an independent action in federal court.

Plaintiff also asserts that it is entitled to costs because Defendant's Notice of Removal is baseless. Plaintiff argues that as part of the Notice of Removal, Defendant certified, pursuant to Rule 11, that she was not filing the Notice for an improper purpose, "such as to harass or to cause unnecessary delay or needlessly increase the expense of litigation". Fed. R. Civ. P. 11(b). Plaintiff argues there is no other purpose than to engage in the activities prohibited by Rule 11(b). The Court is not persuaded that Defendant filed the Notice of Removal for an improper purpose and, therefore, costs are not appropriate.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand **[Docket No. 5, filed June 25, 2007]** is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Motion for Costs **[Docket No. 5, filed June 25, 2007]** is DENIED;

IT IS ORDERED that Counter Plaintiff's Motion to Quash Counter Defendant's Motion to Dismiss **[Docket No. 9, filed July 3, 2007]** is DENIED;

6

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss **[Docket No. 11, filed July 16, 2007]** is DENIED.

IT IS ORDERED that the issues raised in State District Court Case No. 07-0093-GC are REMANDED back to the 40th District Court, located in St. Clair Shores, Michigan.

IT IS FURTHER ORDERED that the Clerk's office effectuate the remand.

s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: August 14, 2007

I hereby certify that a copy of the foregoing document was served upon Geraldine C. Buckles, Esq. and Veronyca R. Cornish-Bey, 19501 Salisbury St., St. Clair Shores, MI 48080 on August 14, 2007, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager